UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESSICA MARIE ZAMORA,<br>Defendant. | Case No. 2:26-cr-00182-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Jessica Zamora's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g). ECF No. 38. The Court has reviewed the Motion, the Government's Response (ECF No. 40), and Defendant's Reply (ECF No. 41). Defendant's Motion is denied without prejudice.

"A person aggrieved ... by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A motion for return of property "may be granted if: (a) the defendant is entitled to lawful possession of the seized property; (b) the property is not contraband; (c) the property is not subject to forfeiture; and (d) the government no longer needs the property as evidence." *United States v. Galloway*, Case No. 1:14-cr-00114-DAD-BAM, 2016 WL 4702105, at *2 (E.D. Cal. July 22, 2016) (citing *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996)). Because criminal proceedings are pending, "the burden is on the movant to show that [s]he is entitled to the property." *Galloway*, 2016 WL 4702105, at *2 (citing *U.S. v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)).

Defendant is seeking the return of her cellphone seized on August 5, 2026 and held by the Federal Bureau of Investigation, or alternatively, a date certain the Government will return the device. ECF No. 38 at 1. Defendant argues she is entitled to the return of her cell phone because (1) it is not contraband, (2) it is not subject to forfeiture, and (3) the Government's continued need for evidence could be absolved by a forensic image of the phone. *Id*. at 6. Defendant submits she would stipulate to the authenticity and accuracy of the forensic image. *Id*.

In response, the Government argues its evidentiary interest in the phone is strong and the suggestion that it could be satisfied with a forensic image of the phone is "irrelevant" and "inaccurate." ECF No. 40 at 6. The Government submits it is entitled to retain possession of evidence in this matter, including the cell phone. *Id*. The Government further highlights that because the cell phone contains evidence of her codefendants' crimes, she cannot waive any of their potential evidentiary objections by stipulating to the authenticity of the phone. *Id*. In Reply, Defendant contends the Government has not shown a continued need for the cell phone because the evidentiary value of the phone is its data, not the device itself. ECF No. 41 at 3-4. Defendant also takes issue with the Government's citations to caselaw discussing the prior version of Fed. R. Crim. P. 41(g).

Though the briefing leaves much to be desired, the Court finds at this time that Defendant has not met her burden to demonstrate her cell phone should be returned. The Government has an articulated evidentiary interest in the phone ahead of the trial of Defendant and her codefendants. *See* ECF No. 40. While Defendant chides the Government for not relying on recent case law, ECF No. 41 at 5-6, she likewise does not cite any recent cases to illustrate the viability or reasonableness of her request. The Court's review of the relevant caselaw informs it that a ruling requiring the return of her cell phone now, or before a certain date, is premature. *United States v. Dygert*, 610 F.Supp.3d 522, 524 (W.D.N.Y. 2022) (denying a defendant's motion to return his cell phone under Fed. R. Crim. P. 41(g) because the phone was to be used at trail and seized in accordance with a valid warrant). While the Court appreciates Defendant's argument that a forensic image could preserve the data the Government intends to rely upon, it has not convinced the Court of the same. *See United States v. Messalas*, 612 F.Supp.3d 93, 111-12 (E.D.N.Y. 2020) (denying a motion to return a cellphone ahead of trial because the government planned to introduce the cell phone as evidence at trial and the data on the phone could not be exactly copied).

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) (ECF No. 38) is DENIED without prejudice.

Dated this 13th day of October, 2026.

Elayna J. Youchah

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE